IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff-Intervenor, | ) | |
| | ) | |
| v. | ) | Civil No. 13-00319-CV-W-SOW |
| | ) | |
| BENTON COUNTY SEWER DISTRICT | ) | |
| NO. 1 OF BENTON COUNTY, MISSOURI | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECEIVERSHIP ORDER

Upon the joint motion of the parties, and for good cause shown, it is hereby ordered as follows:

1. The Benton County Sewer District No. 1 (the "District") is hereby placed in receivership (the "Receivership"), under the supervision and authority of this Court.

2. Scott Totten, in his official capacity as an employee and official of the Missouri Department of Natural Resources ("DNR"), is hereby appointed receiver for the District (the "Receiver"). This appointment and the authority of the Receiver as set forth in this Order are to be effective immediately upon the entry of this Order.

3. Until further order of the Court to the contrary, the Receiver is to have exclusive possession and control over all assets of the District and the operations of the district.

4. The Receiver will assume all responsibilities, functions, duties, powers and authority of the District, and his responsibilities, functions, duties, powers and authority shall include but not be limited to the following:

    A. The Receiver may enter into, renew or terminate contracts on behalf of the District, including for operations, accounting, engineering, consulting, or legal services, or for supplies or equipment, or for any other goods or services deemed necessary for efficient and effective operation and maintenance of the District and its sewer system (the "sewer system").

    B. The Receiver shall take such actions on behalf of the District as are necessary to comply with environmental or other laws of Missouri or the United States.

    C. The Receiver may access, without limitation, such books, records, documents, electronic data, and facilities of the District as the Receiver deems necessary to carry out the terms of this Order, and to make such items available to consultants, accountants, attorneys or other persons with whom the Receiver contracts or consults on behalf of the District.

    D. The Receiver may hire such operators, consultants, professionals, contractors, engineers and attorneys as the Receiver deems necessary for adequate performance of his duties under this Order.

    E. The Receiver shall collect fees from customers of the District, and, subject to paragraph 5 below, avail the District of all legal remedies for recovering and collecting arrearages for fees due from customers, including arrearages existing as of the date of this Order.

2

F.  Subject to the provisions of paragraph 5 below, the Receiver may renegotiate accounts receivable, including by agreeing to and implementing payment plans, lien agreements, or other alternatives to account for arrearages.

G.  The Receiver may seek to renegotiate debts owed by or to the District, and challenge any contracts that the Receiver determines were entered unlawfully.  The Receiver may also seek from the Court relief from any pre-Receivership agreement with a supplier in order to secure financial viability or other interests of the Receivership.

H.  The Receiver may adjust the rates and fees that the District charges customers.

I.  The Receiver may seek out and apply for grants, loans and other sources of funds to finance the operation of the District and the expenses of such improvement projects as are deemed necessary by the Receiver.  The Receiver shall comply with the terms and conditions of current and future grants or loans made to the District, subject to any renegotiation of such terms.

J.  The Receiver shall establish and maintain a fund for responding to sewer overflows and other emergencies.

5. Within 30 days of the date of this Order, the Receiver shall present to the Court for its approval a comprehensive plan and policy for addressing current and future arrearages in payment of fees to the District by customers of the District.  In preparing the plan and policy, the Receiver should consider the matter of equity to those customers who have remained current in their fee payments, as well as the desirability of solutions that do not entail a shut-off of water or sewer service.

6. It is not the intention of this Order that either the District or the Board of Trustees of the District be dissolved, nor that the Trustees of the District be removed from their offices.  Rather,

3

it is the intent of this Order that during the pendency of the Receivership, the powers, authority and functions of the District and the Trustees of the District are to be conferred exclusively on the Receiver. The District may submit to the Receiver invoices for reasonable and necessary attorney fees and expenses incurred in connection with the representation of the District and the Board of Trustees in this action. In the event that the Receiver contests the reasonableness or necessity of any fees and expenses so invoiced, the matter may be presented to the Court for decision.

    7. Within three months after the date of this Order, the Receiver shall file a report to the Court, which shall include: (1) an inventory of all property and assets in the Receiver's possession or in the possession of others as his agents, (2) in a separate schedule, an inventory of the property and assets of the Receivership not reduced to possession by the Receiver but claimed and held by others, and (3) an accounting of actions taken during that three-month period, actions planned, and the financial status of the District. At regular intervals of three months thereafter, the Receiver shall file an updated report covering the same items. The Receiver shall provide copies of all such reports to the parties and make copies of all such reports available for inspection by customers of the District. The Court may require reports at other times on matters specified by the Court.

    8. The Receiver and his employees, officers and agents shall be entitled to immunity from suit in their personal capacity when acting within the scope of the authority granted by this Order. Absent an order to the contrary, this immunity will apply to any subsequent modification of this Order governing the terms of the Receivership. This immunity shall extend to any good faith, reasonable effort by the Receiver and his employees, officers and agents to act in accordance with the authority granted by this Order, including any good faith, reasonable effort

to assume possession of and operate the sewer system in compliance with this Order, or to recover debts owed to the District or establish liens therefor. The sovereign immunity provisions set out in Mo. Rev. Stat. § 537.600 shall apply to the Receiver, as an employee of Missouri.

9. The Receiver is authorized to provide information concerning the District and its sewer system, including any information concerning its finances and operating costs, to any potential purchaser of the sewer system, and to permit any such potential purchaser to inspect the facilities of the District. However, in the event that the Receiver or any party to this action determines that the sewer system should be sold or otherwise conveyed to any party other than the District, the proposal for such sale or conveyance and the terms of such sale and conveyance shall be presented to the Court for approval.

10. The Receiver is to be compensated by the DNR for his services as Receiver. All other expenses of the Receivership may be paid from Receivership funds.

11. The Trustees of the District shall provide full cooperation to the Receiver by making all District accounts and funds available to the Receiver, providing all books, records, contracts and other documents of the District to the Receiver, and responding to reasonable requests by the Receiver for information.

12. The Receiver may at any time apply to the Court for modification of the terms of this Order or for instructions on the implementation of this Order.

13. The Receivership will continue, and the authority of the Receiver as set forth in this Order will continue, until further Order of the Court to the contrary.

/s/ Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: 7/2/2013

5