IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| and | ) |
| STATE OF MISSOURI, | ) |
| Intervenor-Plaintiff, | ) |
| vs. | ) Civil No. 4:13-cv-00319-SOW |
| BENTON COUNTY SEWER DISTRICT NO. 1 OF BENTON COUNTY, MISSOURI, *et al.*, | ) |
| Defendants, | ) |
| and | ) |
| ROBERT GERANIS, *et al.*, | ) |
| Proposed Intervenor-Defendants. | ) |

## AMENDED MOTION TO INTERVENE
## WITH SUGGESTIONS IN SUPPORT

Proposed Intervenor-Defendants Robert Geranis, Leroy Harris, Gerald Duvall and Mike Doak, by and through their attorney of record, and pursuant to Rule 24 of the Federal Rules of Civil Procedure, hereby move to intervene in the above-captioned matter on the grounds, and for the reasons, set forth below:

1. On April 2, 2013, in accordance with laws and Constitution of the State of Missouri, an overwhelming majority of qualified voters of Benton County Sewer District No. 1 (the "District" or "Defendant District"), including Proposed Intervenor-Defendants Robert

Geranis, Leroy Harris, Gerald Duvall and Mike Doak (hereinafter collectively "Proposed Intervenor-Defendants"), voted to dissolve the District.

2. On April 1, 2013, Plaintiff United States filed a Complaint for Declaratory and Injunctive Relief (Doc. #1) against Defendant District and its trustees in their official capacities, which sought, *inter alia*, preliminary and then permanent injunctive relief enjoining the dissolution of the District. That day, the Court entered its Temporary Restraining Order (Doc. #5) and, thereafter, its Order granting preliminary injunction (Doc. #18), which, *inter alia*, temporarily and then preliminarily enjoined the dissolution of the District. On May 23, 2013, Plaintiff United States filed an Amended Complaint for Declaratory and Injunctive Relief (Doc. #21), which seeks, *inter alia*, declaratory and permanent injunctive relief prohibiting dissolution of the District.

3. The Court's TRO stated in part: "Any interested person or entity that opposes this TRO or an injunction against the dissolution of the District may seek leave to intervene in this action to present the position or contentions of that person or entity . . . ." (Doc. #5.) The Court's May 1, 2013 Order of preliminary injunction also "invite[d] the Missouri Attorney General's Office to intervene in this lawsuit and provide input on the matter." (Doc. #18.)

4. On May 23, 2013, Proposed Intervenor-Defendants filed their *pro se* Motion to Intervene in this action "as a party-defendant, pursuant to Rule 24(a) of the Federal Rules of Civil Procedure and in accordance with the Court's invitation to [i]ntervene . . . ." (Doc. #28.) No party filed suggestions or a response in opposition to this motion.

5. On June 14, 2013, Intervenor-Plaintiff State of Missouri filed an Unopposed Motion to Intervene as Plaintiff (Doc. #32). That same day, the Court entered its Order granting this request. (Doc. 33.) That same day, Intervenor-Plaintiff State of Missouri filed its Complaint

for Injunctive Relief (Doc. #34), which seeks, *inter alia*, preliminary and permanent injunctive relief under the Missouri Clean Water Law, Chapter 64 of the Revised Statutes of Missouri, ordering the continued operation of the District and effectively prohibiting dissolution of the District.

6. Defendant District has not filed responsive pleadings to either Plaintiff United States' amended complaint or Intervenor-Plaintiff State of Missouri's complaint, nor has it undertaken any action to question, challenge or oppose the declaratory or injunctive relief sought therein.

7. On July 12, 2013, following the entry of appearance of the undersigned counsel on their behalf (Doc. #36), Proposed Intervenor-Defendants filed their Motion for Leave to Amend Motion to Intervene (Doc. #47) with the express purpose of seeking intervention to oppose all or portions of the declaratory and injunctive relief sought in Plaintiff's and Intervenor-Plaintiff's pleadings. The motion for leave to amend included as attachments proposed answers to Plaintiff's and Intervenor-Plaintiff's pleadings. (Doc. #47-1 & #47-2.)

8. On August 6, 2013, this Court entered its Order (Doc. #50) denying as moot Proposed Intervenor-Defendants' prior *pro se* Motion to Intervene, granting in part their Motion for Leave to Amend Motion to Intervene, and directing them to file this amended motion to intervene.

9. Proposed Intervenor-Defendants restate, reallege and incorporate by reference herein the facts, allegations and claims asserted in their prior *pro se* Motion to Intervene (Doc. #28), to the extent such are not inconsistent with the grounds and reasons stated herein. This prior *pro se* Motion to Intervene is attached hereto as Exhibit 3.

3

10. Proposed Intervenor-Defendants satisfy the requirements for intervention of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure, to-wit: (a) Proposed Intervenor-Defendants claim interests relating to the property and transactions that are the subject matter of this federal civil action; (b) they are so situated that the Court's disposing of this action may as a practical matter impair or impede their ability to protect their interests; and (c) no existing party in this action will adequately represent their interests. *See* Fed. R. Civ. P. 24(a)(2). *See also South Dakota ex rel. Barnett v. U.S. Dept. of Interior*, 317 F.2d 783, 785 (8th Cir. 2003).

11. Proposed Intervenor-Defendants are further entitled to intervention of right for the following reasons:

(A) The interests asserted by Proposed Intervenor-Defendants relate to the subject matter of the main action, are direct and present and not contingent, and establish a logical nexus between the status asserted by Proposed Intervenor-Defendants and the claims sought to be adjudicated. *See Mausolf v. Babbitt*, 85 F.3d 1295, 1299 (8th Cir. 1996). Proposed Intervenor-Defendants are customers and rate payers of, and qualified voters and real property owners within, Benton County Sewer District No. 1. They are voters who voted on April 2, 2013 with an overwhelming majority in a legitimate and certified election under Missouri law to dissolve Defendant District. *See Nelson v. Greenspoon*, 103 F.R.D. 118 (S.D.N.Y. 1984) (sponsors of ballot initiative possess greater intervention interest than public at large). They reflect the interests of two home owners associations which make up a substantial portion of Defendant District's customer, rate payer, qualified voter and landowner base. They assert legitimate rights and interests in upholding the results of a valid Missouri election, dissolving the District

and its operations, opposing Plaintiff United States' claims regarding repayment of the District's revenue bond indebtedness, opposing Intervenor-Plaintiff State of Missouri's claims under the Missouri Clean Waters Law, and proposing safe, environmentally sound and cost-efficient de-centralized on-site sewage treatment alternatives to a hopelessly dysfunctional and inefficient centralized community sewerage system.

(B) Protection of Proposed Intervenor-Defendants' rights and interests will be impaired or impeded unless they are granted intervention as party defendants to assert defenses and claims so as to protect these rights and interests. They allege voting rights that are being disregarded by the existing parties. They allege the likelihood of real, concrete economic injuries and losses in the event their interests are adversely affected by the adjudication of the claims and relief sought by Plaintiff United States in its amended complaint and by Intervenor-Plaintiff State of Missouri in its complaint, in particular these parties' opposition to dissolution of Defendant District and to consideration of de-centralized alternatives to this costly, dysfunctional community sewerage system.

(C) Proposed Intervenor-Defendants' rights and interests to be adversely affected by the adjudication of claims and relief sought in this action have not been, are not being, and will not be adequately represented by the existing parties in this action, mandating intervention of right under these circumstances. *Little Rock School District v. North Little Rock School District*, 378 F.2d 774, 780 (8th Cir. 2004) (where applicant's interests are "distinct and cannot be subsumed within the public interest represented by the governmental entity"). They oppose the claims and relief sought by Plaintiff United States in its amended complaint and, now, the additional claims and relief sought by Intervenor-Plaintiff State of Missouri in its intervenor complaint, which, again, are

directly adverse to the interests of Proposed Intervenor-Defendants regarding dissolution of the District, repayment of revenue bonds and safe, healthy, environmentally sound and cost-efficient alternatives to a centralized sewerage system. They challenge the authority of Defendant District to act on behalf of, or adequately represent the interests of, the majority of voters who voted to dissolve the District. Defendant District has not filed an answer with defenses or opposition to either the amended complaint or the intervenor complaint, and its sole substantive filing in this action, its response to Plaintiff's motion for preliminary injunction, simply requested "guidance from the Court as to [the District's Trustees'] . . . responsibilities and obligations to the customers and the voters" of the District. (Doc. #17.) In addition, the existing parties have filed two joint motions, one for the appointment of a receiver[1] for the District (Doc. #38) and the other for modification of the preliminary injunction reflecting receivership (Doc. #45), further evidencing these existing parties' unanimity regarding interests, claims and relief sought which are totally adverse to those of Proposed Intervenor-Defendants.

(D)　　Proposed Intervenor-Defendants' request for intervention was timely filed and intervention of right, or, alternatively, permissive intervention, would not unduly delay or prejudice the adjudication of the original parties' rights. Plaintiff United States amended its initial complaint nearly two months after the original filing and three weeks after the preliminary injunction was granted. Intervenor-Plaintiff State of Missouri was allowed intervention two and a half months after the initiation of this action, a month and a half after the preliminary injunction was granted, and three weeks after Proposed

---

[1] The Court ordered the appointment of Scott Totten to act as the District's receiver to assume responsibilities for operating the District until further order. (Doc. #39.) Mr. Totten was appointed "in his official capacity as an employee and official of the Missouri Department of Natural Resources ("DNR") . . . ." (*Id.*) The DNR, of course, is an arm of Intervenor-Plaintiff State of Missouri, with a history of involvement in the formation and prior operation of the District and with a vested and conflicting interest in the outcome of this litigation.

6

Intervenor-Defendants filed their prior *pro se* Motion to Intervene. Three months after the initiation of this action, a receiver was appointed to operate Defendant District, and the receivership order establishes numerous reporting deadlines beginning the first of August, 2013, and continuing at regular intervals into the future. Intervention here and now will not delay this Court's adjudication of the parties' claims.

(E) In sum, Proposed Intervenor-Defendants seek intervention in good faith, to protect legitimate rights and interests, and not to unnecessarily complicate or prolong this litigation. The rights and interests they assert are entitled to no less respect than the rights of the original parties. *See Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754, 765 (1989). Granting intervention at this time will eliminate or reduce duplication of judicial effort by avoiding a multiplicity of lawsuits and settling these parties' related controversies in one action. *See Kozak v. Wells*, 278 F.2d 104, 111 (8th Cir. 1960). Intervention of right under Rule 24(a)(2) is to be liberally construed, *City of Emeryville v. Robinson*, 621 F.3d 1251, 1259 (9th Cir. 2010), and any doubts are to be resolved in favor of the applicant. *U.S. v. Ritchie Special Credit Investments, Ltd.*, 620 F.3d 824, 831 (8th Cir. 2010). Intervention should not be denied "unless it appears to a certainty that the applicant is not entitled to relief under any set of facts that could be proved" under the pleadings. *Lake Investors Development Group, Inc. v. Egidi Development Group*, 715 F.2d 1256, 1258 (7th Cir. 1983).

12. In accordance with Rule 24(c), a copy of [Proposed] Intervenor-Defendants' Answer to Plaintiff's Amended Complaint for Declaratory and Injunctive Relief is attached hereto as Exhibit 1, and a copy of [Proposed] Intervenor-Defendants' Answer to Intervenor-Plaintiff's Complaint for Injunctive Relief is attached hereto as Exhibit 2.

13. The defenses and claims set forth in Proposed Intervenor-Defendants' proposed answers present questions of law and fact that are common to those already presented by Plaintiff's amended complaint and Intervenor-Plaintiff's complaint.

14. Proposed Intervenor-Defendants respectfully submit that good cause has been shown for an order granting them intervention of right, or, alternatively, permissive intervention, in this action.

WHEREFORE, Proposed Intervenor-Defendants Robert Geranis, Leroy Harris, Gerald Duvall and Mike Doak pray this Court enter its order granting them intervention of right pursuant to Rule 24(a)(2), or, alternatively, permissive intervention pursuant to Rule 24(b); permitting them to file their proposed Answers attached hereto as Exhibits 1 and 2; and/or granting them such other and further relief as the Court deems just, proper or necessary.

Respectfully submitted,

LAW OFFICE OF MARK J. BREDEMEIER

/s/ *Mark J. Bredemeier*

MARK J. BREDEMEIER (MBE #30230)
305 S.E. Alexandria Drive
Lee's Summit, Missouri 64063
Phone: (816) 524-7580
Fax: (816) 524-1458
mbredemeier@kc.rr.com

**ATTORNEY FOR PROPOSED INTERVENOR-DEFENDANTS ROBERT GERANIS, LEROY HARRIS, GERALD DUVALL AND MIKE DOAK**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was electronically filed with the District Court on this 8th day of August, 2013 by using the CM/ECF system. A notice of case activity is to be generated and sent electronically by the Clerk of the Court to the following parties, each of whom is designated to receive electronic notice:

Daniel Riess
Charles M. Thomas
Charles Evan Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, Missouri 64106
charles.thomas@usdoj.gov
*Attorneys for Plaintiff United States*

Jeremy D. Knee
Don Willoh
Office of the Attorney General
Agriculture and Environment Division
P.O. Box 899
Jefferson City, Missouri 65102
jeremy.knee@ago.mo.gov
don.willoh@ago.mo.gov
*Attorneys for Intervenor-Plaintiff State of Missouri*

Charles E. Weedman, Jr.
Crouch, Spangler & Douglas
117 S. Lexington
P.O. Box 280
Harrisonville, Missouri 64701
cweedman@csdlaw.net
*Attorneys for Defendants Benton County Sewer
    District No. 1, et al.*

The undersigned hereby further certifies that a true and accurate copy of the foregoing was served by electronic mail on this 8th day of August, 2013 to:

George M. Hall
31971 Chesapeake Drive
Warsaw, Missouri 65355
bonzimagnum@yahoo.com
*Interested Party*

/s/ *Mark J. Bredemeier*
Mark J. Bredemeier